

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John W. Spies, M. D., Dean
University of Texas, Medical Branch
Galveston, Texas

Dear Sir:                                    Opinion No. O-3159
                                             Re: The registration in Texas
                                                 of a professional nurse
                                                 from another state.

          Your letter of February 13, 1941, seeks the opinion
of this department relating to the application of Miss Lois
Austin for a license to practice nursing in this State.

          Enclosures with your letter recite that Miss Austin
is from the State of Ohio, holds a bachelor of science degree
in nursing from the University of Iowa, and a master degree
from Ohio State University and that she has had nine years of
teaching experience in colleges of nursing.  It is not stated
whether or not Miss Austin holds a registration certificate
from the state of Ohio, or from any other state as a profes-
sional nurse.

          Article 4521, V.A.C.S., reads as follows:

          "Any applicant of good character who holds a
     registration certificate as a professional nurse from
     another State whose requirements are equal to those
     of Texas, and whose individual qualifications shall
     be equivalent to those required in this law, may be
     granted a license to practice nursing in this State
     without examination, provided a fee of fifteen dol-
     lars is paid to the Board by such applicant."

          Before a professional nurse from another state may be
granted a license to practice nursing in this state without ex-
amination, it must appear:

          (1)  that she holds a registration certificate as
     a professional nurse from another state;

Honorable John W. Spies, page 2

(2) that the requirements of such other state are equal to those of Texas; and

(3) that her individual qualifications are equivalent to those required by the statutes of Texas.

These facts must appear before the Board of Nurse Examiners of Texas is authorized to grant a license to a professional nurse from another state without examination.

Under the language of the statute it is indispensable that the nurse hold a registration certificate from another state. If Miss Austin does not hold such a certificate, it is our opinion that the Board would not be authorized, under Article 4521, to grant her a license to practice nursing in Texas.

The condition "whose requirements are equal to those of Texas" involves a fact finding by the Board that the laws of the state from which the nurse holds a registration certificate equal those in Texas.

The condition "whose individual qualifications shall be equivalent to those required in this law" likewise involves a fact finding by the Board in the light of the following definitions of the term "equivalent."

"Equivalent" means equal in value, force, meaning, or like; when equal so far as concerns matter under consideration or equal in worth or value, power, defect, import, and like. Vol. 1, Words and Phrases, Fourth Series, page 905; citing Atlantic Christian College v. Hines, 152 S.E. 797.

The word "equivalent" means equal in value, worth, force, or significance, but meaning to be attached to word in each instance depends upon circumstances. Vol. 2, Words and Phrases, Fifth Series, page 747; citing Callahan v. Telpier, 183 Atl. 400.

If Miss Austin holds a registration certificate from another state and, as a factual matter, the requirements of such state are equal to those of Texas, and if, as a factual matter, the individual qualifications of Miss Austin are equivalent, in the light of the foregoing definitions, to those required in the nurse's law of Texas, Miss Austin is entitled to be granted a license to practice nursing in this State without examination, provided the required fee is paid. Conversely,

Honorable John W. Spies, page 3

if these facts do not exist, which must be determined by the Board, the Board would be justified in refusing to grant the license.

Inasmuch as all of the facts incident to the application of Miss Austin are not before this department, and, in the final analysis, present fact questions to be resolved by the Board in its discretion, we cannot categorically rule whether or not Miss Austin is entitled to a license to practice nursing in this State under the provisions of Article 4521. We trust, however, that the Board will be enabled, in the light of this discussion, to properly discharge its duty in respect to Miss Austin.

APPROVED FEB 21, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:js

